MARIE EMILIE OSGOOD *vs.* IRENE M. THOMAS *et al.*

JUNE 14, 1923.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ. ·

*(1)  Wills.  Contingent Remainders.  Reversion.*

Testamentary provision in trust for the use of the wife of testator for life, and after her death "to my children then living in equal shares and to the issue of such as may then be dead, the issue of any deceased child taking its parent's share by representation."  The only issue surviving testator was a son X., who deceased without issue and unmarried, by his will devising his estate to his mother, the equitable life tenant.

*Held,* that the limitation over after the life estate created a contingent re- . mainder, which failed at the death of X.

*Held,* further, that on testator's death the reversion descended to and vested in the testator's heirs and was never divested, and as a remainder in fee simple after the estate for the life of the wife for her use, passed by the will of X. to her.

BILL IN EQUITY for construction of will.  Certified under Gen. Laws, cap. 289, § 35.

RATHBUN, J.  This is a bill in equity praying for construction of certain clauses of the will of William H. Osgood Sr., deceased.  Said Osgood was the husband of the complainant, who is the surviving executrix of the testator under said will.  The case being ready for hearing for final decree was certified to this court for determination in accordance with the provisions of Section 35, Chapter 289, G. L. 1909.  The will was duly admitted to probate in the city of New York and as said will was operative as to real and personal estate situated in Newport, Rhode Island, an exemplified copy has been recorded in the office of the clerk of the Probate Court of the city of Newport.

The second item of said will is as follows: "ITEM: I GIVE, DEVISE AND BEQUEATH all the rest of my estate, real and personal of every name, nature and description of which I may die seized, possessed of or entitled to, either at law or in equity, to my Executors and Executrix hereinafter named, UPON THE SPECIAL TRUST AND CONFIDENCE to take possession of my personal estate and to enter into and upon and receive the income, rents, issues and profits of my real estate, and to apply the net income arising from my estate, after retaining charges and a reasonable compensation, to the use of my beloved wife MARIE EMELIE for and during the term of her natural life, and from and after her death, I GIVE, DEVISE AND BE-QUEATH all of my aforesaid estate, real and personal, to my children then living IN EQUAL SHARES, and to the issue of such as may then be dead, the issue of any deceased child taking its parent's share by representation."

The only issue surviving the testator was a son, William H. Osgood, who will be referred to as William H. Osgood, Jr., who has since deceased without issue and unmarried. By his last will William H. Osgood, Jr., devised and bequeathed all of his estate to his mother, the complainant.

The following questions are propounded to the court:

"I. What right, title or interest, if any, has the complainant, Marie Emilie Osgood, in and to the premises described in said bill of complaint?

"II. What right, title or interest, if any, has each of the respondents, Irene M. Thomas, Caroline Manice, Emmie A. Anderson, the Roosevelt Hospital and Walter K. Appleton in and to the premises described in said bill of complaint?"

The question before us involves the title to an estate in remainder after an estate to trustees for the life of the complainant for her use in real estate. The complainant contends that testator died intestate as to the remainder after said life estate for the use of the complainant and that William H. Osgood, Jr., as the sole heir at law of his father inherited the said remainder. If William H. Osgood, Jr., as

heir of his father, the testator, inherited said remainder it passed by his will to his mother, the complainant. The respondents who claim title as sisters, or through sisters of the testator, contend that the testator by his said will devised the entire inheritance in said real estate and that until the remainder to the "children then living" failed by the death of the testator's only child, William H. Osgood, Jr., there was no intestacy and no intestate estate which the law could cast upon the testator's heirs and that on the death of William H. Osgood, Jr., the remainder after said life estate descended to said sisters.

The question is whether an estate in reversion vested immediately upon the death of the testator in his heirs as they then existed or whether the vesting of an estate in the heirs was postponed until after the death of the testator's only child to whom the remainder was given, *provided*, that, at the termination of the life estate, he was then living. The law unquestionably is that, if a contingent remainder in fee be limited by way of devise there remains a reversion in the heirs of the devisor. The rule is stated in Fearne on Remainders, at page 351, as follows: "where a remainder of inheritance is limited in contingency by way of use, or by devise, the inheritance in the meantime, if not otherwise disposed of, remains in the grantor and his heirs, or in the heirs of the testator, until the contingency happens to take it out of them." See also Gray on Perpetuities, § 11 and note. We think the limitation over, after the life estate, to the testator's children *then living*, "and to the issue of such as may then be dead," created a contingent remainder. The rule is stated in 40 Cyc., at pages 1673 and 1677, as follows: "Ordinarily a contingent remainder is created by a limitation over to persons of a particular designation who may be living at a certain time, or to such persons and the issue of those who may be deceased" (p. 1677) "and the remainder will be contingent if it appears . . . that the members of the class were to be ascertained at the termination of the particular estate or time of distribution, and no right was to

vest in any except those of the class in existence at that time."
By the terms of the will it is clear "that the members of the
class were to be ascertained at the termination of the par-
ticular estate." An important feature in support of our
conclusion that the testator intended that no right should
vest in any child not living at the death of the life tenant is
that the testator did not first give the estate in remainder to
his children and then proceed to make other disposition of the
interests of such children as should die without issue before
the termination of the life estate.

The remainder after it was created remained contingent
during the life of William H. Osgood, Jr., and at his death
failed. On the testator's death the reversion descended to
and vested in the testator's heirs. As the contingent re-
mainder never vested the reversion in the heirs was never
divested. The testator had but one heir, his son, William
H. Osgood, Jr. Facts very similar to those before us were
passed upon in *Holcomb* v. *Lake*, 24 N. J. L. 686. A testator
who was survived by three children, a son and two daughters,
devised to his son an estate tail in real estate. The will pro-
vided, in the event that the son died before he arrived at the
age of twenty-one and without issue, that the estate be
equally divided among the testator's surviving children.
The son survived both daughters and died without issue
after arriving at the age of twenty-one years. The court
held that the provision for the daughters created in their
favor a contingent remainder which failed, because the son
arrived at the age of twenty-one years, and that on the death
of the testator the contingent fee, that is the reversion,
descended to his heirs as they existed at the time of his
death, and in accordance with the law of descent existing at
that time. The son inherited one-half and each of the
daughters one-fourth.

A remainder in fee simple after the estate for the life of the
complainant for her use, in the real estate described in the
bill of complaint passed by the will of William H. Osgood,
Jr., to the complainant. No one of the respondents has any

right, title, or interest in any of said real estate and the parties are advised accordingly.

The parties may, on June 18, 1923, at nine o'clock a. m., Standard time, present a form of decree in accordance with this opinion.

*Charles H. Koehne, Jr.*, for complainant.

*Max Levy*, for Irene M. Thomas. *Alfred G. Reeves*, of counsel.

*Sheffield & Harvey*, for Roosevelt Hospital.